IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY HUDSON, JR. | § | |
|     TDCJ-CID #1218900 | § | |
| v. | § | C.A. NO. C-09-327 |
| | § | |
| DON MCANEAR, ET AL. | § | |

### ORDER REGARDING MOTION TO COMPEL AND SANCTIONS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion for an order compelling discovery and for sanctions. (D.E. 57). Defendants have filed a response objecting to Plaintiff's motion. (D.E. 61). On October 13, 2010, a telephonic hearing was held to address this pending motion.

### I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ")-Correctional Institutions Division. His complaint alleges that Defendant Don McAnear engaged in excessive force against him and that Defendant Luis Pulido was deliberately indifferent in failing to protect him while he was incarcerated at the McConnell Unit in Beeville, Texas. A Spears[1] hearing was conducted on January 12, 2010. The following allegations were made in Plaintiff's original complaint, or at the hearing.

On October 5, 2008, Plaintiff reported to the McConnell Unit infirmary to receive his morning insulin. Officer McAnear came into the infirmary and questioned Plaintiff why he was there. Plaintiff told him he was getting his insulin, and in response, Officer McAnear told him that he would not be getting his insulin and to get out of the infirmary. Plaintiff then exited the holding cage. Officer McAnear told Plaintiff to put his hands behind his back and he handcuffed

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

him. He then escorted Plaintiff in front of the B-side dining hall, and as he did so, he jerked up on the handcuffs. Plaintiff asked Officer McAnear to stop provoking him. In response, Officer McAnear smashed Plaintiff's head into a pole, gate, fence, and then concrete. While Plaintiff was lying on the ground, Officer McAnear jerked Plaintiff's wrists up with the handcuffs. As a result of this assault, Plaintiff received lacerations, bruises and abrasions to his face and torn ligaments in his right shoulder. He also suffered mental pain and anguish.

During this assault, Officer Pulido was present. Nonetheless, he did not intervene to end the assault, but simply stood aside.

## II. DISCUSSION

In Plaintiff's motion to compel, he seeks an order compelling Defendants to respond to various interrogatories. Defendants assert qualified immunity as a defense to Plaintiff's requests. (D.E. 61, at 4). Qualified immunity provides officials "not just immunity from liability, but immunity from suit," including discovery. Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996) (citation omitted). Indeed, the Fifth Circuit has concluded that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" Id. at 1368-69 (citing Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 & n.10 (5th Cir. 1995) (emphasis in original)).

The Fifth Circuit has explained that the Supreme Court's jurisprudence on the qualified immunity defense establishes "that qualified immunity does not shield government officials from all discovery, but only from discovery which is either avoidable or overly broad." Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987) (emphasis added). The court further elaborated on

when discovery may be permitted despite the assertion of qualified immunity:

> Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable nor overly broad.

Id. at 507-08.

### A.   Plaintiff's Request For Sanctions.

Plaintiff requests the Court to sanction Defendants, citing several alleged abuses of the discovery process.  (D.E. 57, at 10).  First, he accuses Defendants of referring to the wrong set of interrogatories in one of their responses.  Id. at 2.  He also alleges that defense counsel have not signed the responses to his discovery requests.  Id. at 8.  In addition, Plaintiff broadly asserts that Defendants have been evasive in their responses, and noncompliant with the Court's orders.  Id.  Finally, he charges Defendants with refusing to supplement discovery.  Id. at 10.

The Federal Rules of Civil Procedure provide that, among other things, a party may be sanctioned for failure to cooperate in discovery by being required to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  The imposition of sanctions for failure to cooperate in discovery is within the sound discretion of the district court.  See Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002) (citations omitted).     Defense counsel appears to have signed all the discovery responses in the record.  Moreover, Plaintiff does not make clear how the mistaken reference on Defendants' part prejudiced him, nor does he suggest it was done deliberately.  Defendants state that the typo does not affect the content of their answer.  (D.E. 61, at 1).  In addition, whatever evasiveness or

noncompliance Defendants have shown in the discovery process clearly does not rise to the level to justify the imposition of sanctions. Finally, Defendants have explicitly expressed their willingness to supplement the record should relevant information become available. Id. at 3. Accordingly, Plaintiff's request for sanctions is DENIED.

### B. Plaintiff's Interrogatories.

Plaintiff seeks to compel Defendants to "[i]dentify each potential party to this lawsuit." (D.E. 57, at 2, 14, 27, Interrogatory Number 3 in First Set of Interrogatories to Defendant McAnear and Interrogatory Number 3 in First Set of Interrogatories to Defendant Pulido). Defendants initially refused to answer this question, on the grounds that "it is vague, overly broad and seeks information that only the Plaintiff could know." Id. at 14, 27. They also objected on the grounds that they do "not believe the Plaintiff has a valid cause of action and" therefore do "not consider any person a proper party to it." Id. In response to Plaintiff's motion to compel, Defendants reiterated these objections and added that a substantive answer to the question has nevertheless already been provided to Plaintiff through discovery. (D.E. 61, at 1).

Although Plaintiff may not have worded his question perfectly, it is clear, given the nature of his claim, that he is asking for the names of any other guards present during the incident that forms the basis of this action. This request is neither vague nor overly broad, and it certainly does not seek information that only Plaintiff could know. However, Defendants have provided that information in the form of the witness reports included in the Use of Force Report, which was attached to their motion for summary judgment. (D.E. 63-11; D.E. 63-12). Consequently, there is nothing to compel and the request is DENIED.

Plaintiff seeks to compel Defendants to provide the names of all individuals with relevant

4

documents and other potential pieces of evidence, and to "identify" those items. (D.E. 57, at 3, 15-16, 28-29, Interrogatory Numbers 4 & 8 in First Set of Interrogatories to Defendant McAnear and Interrogatory Numbers 4 & 8 in First Set of Interrogatories to Defendant Pulido). Defendants object that these questions are vague and over-broad, and argue that they have already answered them in their disclosures. (D.E. 61, at 2). If Plaintiff believes that particular pieces of evidence have been omitted from the disclosures, he should indicate with more specificity what those pieces are. The motion to compel is therefore DENIED with respect to those interrogatories.

Plaintiff seeks to compel Defendants to describe their "opinions and contentions about [their] claims and defenses" in this action. (D.E. 57, at 4, 15, 28, Interrogatory Number 5 in First Set of Interrogatories to Defendant McAnear and Interrogatory Number 5 in First Set of Interrogatories to Defendant Pulido). Defendants object that this interrogatory is unclear, and that any legal theories have been sufficiently conveyed in their answer to the complaint. (D.E. 61, at 2). This information is available in Defendants' answer and their motion for summary judgment. Accordingly, Plaintiff's request to compel an answer to that interrogatory is DENIED.

Plaintiff seeks to compel Defendants to answer whether Defendant McAnear still works for the TDCJ and whether he has been criminally prosecuted for the incident that forms the basis of this action. (D.E. 57, at 4, 16-17, 29-30, Interrogatory Number 11 in Plaintiff's First Set of Interrogatories to Defendant McAnear and Interrogatory Number 11 in Plaintiff's First Set of Interrogatories to Defendant Pulido). This question has been answered, as reflected by Defendants' responses to interrogatories that Plaintiff himself has submitted. (D.E. 57, at 29-30). There is nothing to compel. The request is DENIED.

Plaintiff seeks to compel Defendant Pulido to answer whether he has any knowledge of

previous incidents involving the use of excessive force by Defendant McAnear. (D.E. 57, at 5, 21, Interrogatory Number 3 in Second Set of Interrogatories to Defendant Pulido). Defendant Pulido has provided the answer. (D.E. 57, at 21). There is nothing to compel and the request is DENIED.

Plaintiff seeks to compel Defendant Pulido to answer whether he has ever been found liable for deliberate indifference or excessive force. (D.E. 57, at 5, 22, Interrogatories Number 4-6 in Second Set of Interrogatories to Defendant Pulido). Defendant Pulido has answered. (D.E. 57, at 22). The request is DENIED.

Plaintiff seeks to compel Defendant Pulido to answer whether Plaintiff asked Defendant McAnear to stop assaulting him during the incident, and if so how many times. (D.E. 57, at 5, 22-23, Interrogatory Number 13 in Second Set of Interrogatories to Defendant Pulido). Defendant Pulido has responded that he does not recall. (D.E. 57, at 22). If Defendant Pulido claims not to remember, there is nothing to compel. If the action proceeds to trial, questions of credibility will be addressed at that stage. The request is DENIED.

Plaintiff seeks to compel Defendant Pulido to answer whether he agrees with Plaintiff's brief description of various violent acts that he alleges occurred during the incident in question. (D.E. 5, at 7, 23, Interrogatory Number 14 in Second Set of Interrogatories to Defendant Pulido). Defendant Pulido objects that the request is confusing and misleading, and claims that his own account of the incident is available in the initial disclosure. (D.E. 61, at 2-3). If Plaintiff was dissatisfied with the thoroughness of Defendant Pulido's account as provided in discovery, he should have described its shortcomings with specificity and asked particular questions to rectify them. He is not entitled to force Defendant Pulido to confirm or deny his own description of the

incident in its entirety for discovery purposes. Accordingly, the request is DENIED.

Plaintiff seeks to compel Defendant McAnear to provide the name and TDCJ number of the inmate in the cage with him when he was handcuffed during the incident. (D.E. 57, at 8, 34, Interrogatory Number 1 in Second Set of Interrogatories to Defendant McAnear). Defendant McAnear objects that the question is vague and that Plaintiff has personal knowledge of the requested information. (D.E. 61, at 3). He further asserts that he has no personal knowledge of the individual in question, and that Defendants will supplement the record if that information becomes available. Id. Defendant McAnear's objections are groundless: Plaintiff's question is clearly not vague and there is no reason to suspect that he has personal knowledge if he is requesting the information. Furthermore, Plaintiff appears to be asserting that Defendants have access to the information and have omitted it from their productions. Accordingly, Plaintiff's request is GRANTED and Defendants are ordered to provide Plaintiff with the information or a no documents affidavit regarding this request.

Plaintiff seeks to compel Defendant McAnear to provide the employment address of the female officer who "was working inside the ODR gate at the time of the alleged incident." (D.E. 57, at 8, 34, Interrogatory Number 2 in Second Set of Interrogatories to Defendant McAnear). Defendant McAnear objects that the question is vague and that he has no personal knowledge of the requested information. (D.E. 61, at 3). At the hearing conducted to discuss the earlier motion to compel, Plaintiff stated that he knows this officer's name, but does not have her address. (D.E. 31, at 5). Defendants were ordered to provide Plaintiff with her current employment address. Id. The request was not vague initially, and is certainly not vague now that Plaintiff has provided Defendant McAnear with the name of the officer and seeks only her employment address. (D.E.

57, at 8). In Defendants' response to the motion to compel, they do not appear to address this specific question, other than to assert unpersuasively that the question "lack[s] explicit detail of the type that is customary in a Court of law." (D.E. 61, at 3). Defendants now suggest that Ms. Ramos was not present during the incident, and seem to intimate that there is no one with that name working at the McConnell Unit. (D.E. 63, at 9 n.49).

Plaintiff's request is GRANTED. Pursuant to the discussing during the telephonic hearing, Plaintiff is to provide defense counsel with the proposed affidavit for the female officer. Defense counsel is to mail, certified mail, return receipt, the affidavit to the female officer at her last known address. Defense counsel will then file an affidavit indicating this has been done and whether the mail was received.

### III. CONCLUSION

Accordingly, plaintiff's motion for an order compelling discovery and for sanctions, (D.E. 57), is GRANTED in part, and DENIED in part consistent with this opinion.

ORDERED this 13th day of October 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE