IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY HUDSON | § | |
| | § | |
| v. | § | C.A. NO. C-09-327 |
| | § | |
| DON MCANEAR | § | |

## OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's pro se motion to reconsider the dismissal of his claims against Defendant Pulido. (D.E. 91).[1] For the reasons discussed below, his motion is denied.

## I. BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Allred Unit in Iowa Park, Texas. He filed this action on November 18, 2009 while at the McConnell Unit in Beeville, Texas, alleging that he was the victim of excessive force by Defendant McAnear and failure to protect by Defendant Pulido. (D.E. 1). On January 10, 2011, the claim against Defendant Pulido was dismissed for failure to exhaust administrative remedies and the claim against Defendant McAnear was ordered to proceed to trial. (D.E. 87). Plaintiff filed a motion to reconsider the dismissal of his claim against Defendant Pulido on January 28, 2011. (D.E. 91).

---

[1] Plaintiff placed this pro se motion into prison mail for filing prior to the appointment of counsel. Going forward, any filings by Plaintiff should be done through his counsel.

## II.  DISCUSSION

A.  **Plaintiff's Motion Is Properly Construed As A Motion To Reconsider.**

Plaintiff styles his filing a "motion to revise Court's order on Defendant Luis Pulido." (D.E. 91).  He does not suggest a statutory basis for the motion.  The granting of partial summary judgment constitutes an interlocutory order.  Catlin Syndicate Ltd. v. Imperial Palace of Miss., Inc., 600 F.3d 511, 513 (5th Cir. 2010).  Because Plaintiff challenges the merits of the Court's ruling, and because he filed within twenty-eight days of the order, his motion is properly construed as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  See United States v. One 1988 Dodge Pickup, 959 F.2d 37, 40 (5th Cir. 1992) (discussing previous version of Rule 59(e) with a ten-day time limit) (citations omitted); J.D. Fields & Co. v. U.S. Steel Int'l, Inc., 690 F. Supp. 2d 487, 510-11 (S.D. Tex. 2009) (applying 59(e) standards to a motion for reconsideration of an interlocutory order) (citation omitted).

B.  **Plaintiff's Motion Is Timely.**

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  Plaintiff's claims against Defendant Pulido were dismissed on January 10, 2011.  (D.E. 87).  His motion was filed with this Court on January 28, 2011 and thus was timely filed.

C.  **Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that

was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**D.  Plaintiff's Motion Is Without Merit.**

Plaintiff argues that a recent revision to TDCJ policy lowered the standard of specificity required in filing grievances. (D.E. 91, at 2). To his mind, he satisfied that lower standard because TDCJ had sufficient notice of the incident to investigate Defendant Pulido's actions, and because the failure to do so was the result of a deliberate effort by officials to suppress potential witness accounts by other inmates. Id. at 2-3. Finally, Plaintiff maintains that extraordinary circumstances prevented him from identifying Defendant Pulido in his grievances, noting that he had not been wearing a name tag at the time of the incident. Id. at 3.

In support of the motion, Plaintiff submitted three grievances. (D.E. 91-2, 91-3, 91-4, 91-5). The first was filed shortly after the incident that forms the basis of this lawsuit. (D.E. 91-2). In it, he described the assault by Defendant McAnear, and mentioned the fact that a "female officer was working ODR Gate and witnessed the incident." Id. He requested that this officer be investigated. (D.E. 91-3). After this complaint was reviewed, Plaintiff filed a Step 2 grievance complaining that "Officer Jane Doe (working ODR Gate 10-5-08)" had never been investigated. (D.E. 91-4). Finally, he submitted a Step 2 form with a different grievance number that appears to make a separate claim that he had been requesting insulin on the day of the incident and that

3

his request was denied by "Sgt. John Doe and five unknown officers." (D.E. 91-5).

Plaintiff's submissions, legal and factual, do not justify revisiting the dismissal of his claims against Defendant Pulido. First, his reliance on TDCJ policy is misplaced. He suggests that when TDCJ revised its grievance procedure to require Step 1 grievances to state "[t]he incident/issue" it implicitly mandated that grievances such as his be regarded as exhausting administrative remedies, even against officers that are omitted entirely from the complaint. The language he cites does not support that reading. Whatever change was worked by the provision, it does not appear to have any bearing on the level of specificity required in grieving against individual officers.

Plaintiff points to a general discussion of prison grievances by the Fifth Circuit as affirmation of his theory regarding TDCJ policy. (D.E. 91, at 2). That discussion indicated that an inmate "could ordinarily be expected to provide ... details regarding who was involved" in an incident, "or at least other available information about the incident that would permit an investigation of the matter." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). Contrary to his suggestion, Plaintiff does not meet that bar, as he failed to supply any details alerting officials to Defendant Pulido's role in the incident. Indeed, only a few lines below the sentences excerpted by Plaintiff, the Fifth Circuit summarized with approval a Sixth Circuit decision "holding that a grievance specifically complaining of a beating at the hands of one guard did not suffice to exhaust a failure-to-protect claim against another guard, not mentioned in the grievance, who stood by and watched." Id. (describing Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001)). That set of facts exactly describes Plaintiff's circumstances. It is difficult to imagine a clearer and more straightforward repudiation of his legal theory.

4

Plaintiff's contention that TDCJ officials only failed to investigate Defendant Pulido because the internal investigation was deliberately sabotaged is equally unavailing. Whatever the truth of Plaintiff's assertion that prisoner witness statements were discouraged, he has never suggested that he himself was unaware of Defendant Pulido's presence at the scene of the incident. On the contrary, the detailed account of Defendant Pulido's demeanor during the altercation that Plaintiff offered at his Spears hearing[2] demonstrates that he was acutely conscious of the guard's location at the time. The witness statements, or their absence, are thus irrelevant, because Plaintiff himself knew of Defendant Pulido's role in the incident and failed to call attention to it in his grievances.

Far from bolstering Plaintiff's argument, the attached grievances only reinforce the fact that he was more than capable of mentioning Defendant Pulido if he had elected to do so. Plaintiff repeatedly called attention to an unknown female officer in his grievances, even demanding that she be investigated. (D.E. 91-2, 91-3, 91-4). He likewise complained about the actions of other anonymous guards in a separate grievance. (D.E. 91-5). In light of this evidence, the absence of a name tag on Defendant Pulido plainly does not constitute an exceptional circumstance warranting forgiveness for Plaintiff's omission, as he was fully cognizant of how to grieve the actions of officers whose names he did not know. A review of the record does not reveal any other justification, exceptional or otherwise, for the failure. Plaintiff does not demonstrate the existence of the need to correct a clear error of law, and he has not presented any relevant newly discovered evidence. Templet, 367 F.3d at 479. His motion therefore must be denied.

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 (1989).

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion to reconsider, (D.E. 91), is hereby DENIED.

ORDERED this 7th day of February 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE