IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY HUDSON | § | |
| | § | |
| v. | § | C.A. NO. C-09-327 |
| | § | |
| DON MCANEAR, ET AL. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE AND MOTION FOR NEW TRIAL**

Plaintiff is a state inmate who filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's pro se motion to strike his notice of appeal, and his motion for a new trial. (D.E. 135). For the reasons stated herein, both his motion to strike and his motion for a new trial are denied.

**I. JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Upon consent by the parties, (D.E. 9, 18), the case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 22); see also 28 U.S.C. § 636(c).

**II. PROCEDURAL HISTORY**

On November 18, 2009, Plaintiff filed this action alleging that Defendant McAnear used excessive force on him. (D.E. 1). After a trial resulting in a jury verdict for defendant on September 29, 2011, final judgment was entered. (D.E. 119, 126). Plaintiff submitted a notice of appeal on October 17, 2011. (D.E. 131). On October 31, 2011, Plaintiff filed a motion to strike his notice of appeal, and he now seeks a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.

## III.  DISCUSSION

Plaintiff's motions are denied because (1) the Court lacks authority to grant his requested motion to strike his notice of appeal, and (2) he fails to show why granting a new trial is warranted.

### A. This Court Lacks Authority To Grant Plaintiff's Motion To Strike His Notice Of Appeal.

Plaintiff seeks to have the Court strike his previously filed notice of appeal.  This Court, however, has no authority concerning the Fifth Circuit's docket.  Accordingly, this motion is denied.  Plaintiff is advised that any dismissal of his appeal must be sought directly from the Fifth Circuit.

### B. Plaintiff Fails To Demonstrate That A New Trial Is Warranted.

On a motion for a new trial, the Federal Rules of Civil Procedure permit a court to set aside a jury's verdict and order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  New trials have traditionally been found appropriate in circumstances where a "district court finds the verdict is against the weight of the evidence, the damages are excessive, the trial was unfair, or prejudicial error was committed in its course."  Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985) (collecting cases).  More generally, a trial judge may grant a new trial "if in his opinion 'the verdict ... will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'"  United States for the Use & Benefit of Weyerhaeuser Co. v. Bucon Constr. Co., 430 F.2d 420, 423 (5th Cir. 1970) (citations omitted).  While reviewing the jury's verdict, "the court is to respect the jury's collective wisdom and must not simply substitute its opinion for the jury's."  Smith, 773 F.2d at

613.

Plaintiff urges that a new trial should be ordered because: (1) the evidence presented at trial was insufficient to support the verdict; (2) jury misconduct had a prejudicial effect; and (3) his appointed counsel was so ineffective that his trial was rendered unfair and essentially denied him access to the court system.  Each of these claims are without merit.

### 1. The jury's verdict was not against the great weight of the evidence presented.

The Fifth Circuit has provided that "[a] new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 838-39 (5th Cir. 2004). This high standard comports with the traditional understanding that in a jury trial, "[i]t is the jury, not the court, which is the fact-finding body." Tennant v. Peoria & P. U. Ry. 321 U.S. 29, 35 (1944); accord Maxey v. Freightliner Corp., 665 F.2d 1367, 1371 (5th Cir. 1982) ("it is the function of the jury as the traditional finder of fact, and not the court, to weigh conflicting evidence and inferences, and to determine the credibility of witnesses") (en banc) (citation omitted).  As the Supreme Court has admonished, "[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Tennant, 321 U.S. at 35.  Accordingly, the Fifth Circuit has rejected any lesser showing of substantive jury error for fear that such a relaxed standard "would destroy the role of the jury as the principal trier of the facts, and would enable the trial judge to disregard the jury's verdict at will." Cities Service Oil Co. v. Launey, 403 F.2d 537, 540 (5th Cir. 1968).

Plaintiff contends that there was not enough evidence presented at trial for the jury to

return a verdict in favor of Defendant.  He specifically asserts that one of Defendant's witnesses merely corroborated the Defendant's claim that excessive force was not applied, and he also concludes that the evidence presented was insufficient to support a finding that his injuries were *de minimis*.  Nevertheless, as the fact-finder, the jury is entitled to weigh the evidence, draw reasonable inferences, as well as determine the credibility of the witnesses.  Maxey, 665 F.2d at 1371.

At trial, Plaintiff testified to his version of events and presented the testimony of an inmate who allegedly witnessed the incident.  His account of what happened was contested by Defendant's testimony and the testimony of another prison official.  Under these circumstances, where both parties are giving directly conflicting testimony, the jury's decision to either credit Defendant or discredit Plaintiff must be accorded due respect.  Moreover, the evidence presented at trial included medical documents, photographs of Plaintiff's body after the incident, and a video recording of Plaintiff being led to receive medical care–all of which was sufficient to support a finding by the jury that Plaintiff suffered no injury from Defendant's allegedly excessive use of force.  Therefore, Plaintiff has failed to show that the jury verdict is "against the great weight of the evidence."

    **2.     Plaintiff has waived his juror misconduct claim.**

Plaintiff also claims that jury misconduct directly led to an adverse ruling.  He alleges that he observed two jurors sleeping during trial, and he believes that one of them was under the influence of medication.  The Court is not aware of any juror sleeping or overly medicated at trial, and neither party has brought this matter to the Court's attention until now.  The Fifth Circuit has held that the failure to raise a jury misconduct claim until after the conclusion of trial

and the entry of a verdict constituted a waiver of that claim.  United States v. Rivera, 295 F.3d 461, 471 (5th Cir. 2002).  Because Plaintiff failed to inform the Court about any potential juror misconduct at the earliest possible junction and instead opted to wait until after the jury entered its verdict, this claim has therefore been waived.

      **3.**    **Plaintiff received a fair trial.**

Finally, Plaintiff argues that his court-appointed counsel's deficient performance during trial resulted in an unfair trial and deprived him of access to the court system.  Unlike in a criminal trial, however, there is no right to the effective assistance of counsel in a civil proceeding.  Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam) (citations omitted).  Therefore, to the extent that Plaintiff is complaining that his trial counsel's ineffectiveness caused him to lose, this claim is without merit.

Furthermore, the cases that Plaintiff cites for support are inapplicable.  The Second Circuit reversed the trial court's denial of a motion for a new trial in Santa Maria v. Metro-North Commuter Railroad, 81 F.3d 265, 273 (2d Cir. 1996) upon a finding that the plaintiff "was prejudiced by the district court's antipathy toward both the merits of the case and ... plaintiff's trial counsel."  Id. at 273.  Plaintiff, however, does not allege that the Court bore any animosity toward the attorney that the Court appointed.  In addition, both Lewis v. Casey, 518 U.S. 343 (1996) and Bounds v. Smith, 430 U.S. 817 (1977), which stand for the proposition that prison inmates are entitled to meaningful access to the court system, are irrelevant because Plaintiff had his day in federal court before a judge and jury.  Accordingly, Plaintiff has not shown any defect in his jury trial sufficient to warrant a new trial.

## IV.  CONCLUSION

Based on the foregoing reasons, Plaintiff's motion to strike and motion for a new trial are DENIED.

ORDERED this 9th day of November 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE